# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| CASEY ALFORD, as Personal Representative of the Estate of LINDA ALFORD, | : Case No. 1:23-cv-63 :<br>: Judge Matthew W. McFarland |
| Plaintiff, | : |
| v. | : |
| BEECHMONT II LEASING CO., LLC d/b/a and a/k/a HARRISON HEALTH CENTER, et al., | : |
| Defendants. | : |

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### (Doc. 11)

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 11). Plaintiff filed a response to the motion (Doc. 17), to which Defendants replied (Doc. 22). Thus, this matter is ripe for the Court's review. For the reasons below, Defendants' Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE** as premature.

Linda Alford was a nursing home patient at the Harrison Healthcare Center in Harrison County, Indiana. (Compl., Doc. 1, ¶ 10.) Linda Alford allegedly fell and broke her hip while under the care of Harrison Health Center, which led to her death on September 4, 2021. (*Id.* at ¶¶ 11-12.)

Plaintiff, as the personal representative of Linda Alford's estate, brought claims of

negligence, wrongful death, and for punitive damages against Defendants on February 2, 2023. (Compl., Doc. 1, ¶¶ 14-23.) Thereafter, a Calendar Order was set. (*See* 06/26/2023 Calendar Order.) Pursuant to that Order, the parties could submit discovery by March 1, 2024. (*Id.*) Defendants moved for summary judgment on August 7, 2023. (Motion for Summary Judgment, Doc. 11.)

A motion for summary judgment should be granted if the evidence submitted to the Court shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to show that no genuine issue of material fact exists, *Celotex*, 477 U.S. at 323, and a court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must "afford the parties adequate time for discovery, considering the circumstances of the case," before ruling on a motion for summary judgment. *Crouch v. Honeywell Int'l., Inc.*, 720 F.3d 333, 338 (6th Cir. 2013) (citation omitted).

Defendants argue that summary judgment is appropriate because Indiana law applies, Plaintiff did not exhaust his administrative remedies under Indiana law, and Indiana law bars Plaintiff from recovering punitive damages. (*See* Memorandum in Support, Doc. 12, Pg. ID 79-80). Defendants additionally argue that Plaintiff sued the wrong "Harrison Health Center." (*Id.*) In response, Plaintiff argues that material issues of fact remain as to his claims, Defendants have not substantively responded to discovery requests, and the discovery period remains open. (Response, Doc. 17, Pg. ID 4.) The Court

2

finds that Plaintiff's argument has merit, as the exhaustion of discovery is necessary to properly address Defendants' arguments for summary judgment.

First, determining whether Ohio or Indiana law applies requires a fact-specific inquiry that is better suited for consideration after discovery efforts have been fully exhausted. A federal court sitting in diversity applies the choice of law rules and substantive law of the forum state—here, Ohio. *See Smith v. Gen. Motors, LLC*, 988 F.3d 873, 879 (6th Cir. 2021). When there is a choice of law question in Ohio, courts analyze the factors set forth in the Restatement (Second) of Conflict of Laws. *See Pilgram v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011). Under this test, the place of injury usually controls, unless another jurisdiction has a more significant relationship. *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 228, 289 (Ohio 1984). Determining which jurisdiction has a more significant relationship involves balancing as many as 11 factors, including "the place of the injury," "the place where the conduct causing the injury occurred," and "the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Id*. Because the choice of law analysis involves balancing circumstances unique to this case, the Court determines that it is prudent to wait until the close of discovery to decide the issue. *See Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 718 (6th Cir. 2015). Accordingly, it is also premature to decide Defendants' arguments concerning exhaustion and punitive damages because they are contingent upon the state law applied in this case.

Defendants' argument that Plaintiff sued the wrong party also raises factual issues that are more appropriately resolved after discovery has concluded. Plaintiff provided

3

evidence that he sued the proper parties, and Plaintiff's counsel filed an affidavit under Rule 56(d) highlighting his need for more discovery on this matter. (*See* Schneider Aff., Doc. 18, Pg. ID 135-142.) As a result, it is premature to decide this factual question before the close of discovery.

For these reasons, Defendant's Motion for Summary Judgment (Doc. 11) is **DENIED** without prejudice, as the motion was filed prematurely to the conclusion of the parties' discovery.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND